IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | : |
| AMERICAN HUMANIST ASSOCIATION, et al. | : |
| | : |
| v. | : Civil Action No. DKC 14-0550 |
| | : |
| MARYLAND-NATIONAL CAPITAL PARK AND PLANNING COMMISSION | : |
| | : |
| | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this First Amendment case are a motion to appear jointly as amicus curiae and for leave to file an amicus curiae memorandum in support of Defendant submitted by eleven residents of Maryland (ECF No. 11), and a motion to intervene filed by the American Legion, the American Legion Department of Maryland, and the American Legion Colmar Manor Post 131 (ECF No. 14).  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to appear jointly as amicus curiae and for leave to file an amicus curiae memorandum will be granted in part.  The motion to intervene will be granted.

**I.   Background**

On February 25, 2014, the American Humanist Association ("AHA"), Steven Lowe, Fred Edwords, and Bishop McNeill

(collectively, "Plaintiffs") filed a complaint against the Maryland-National Capital Park and Planning Commission ("the Commission" or "Defendant") seeking a declaratory judgment, injunctive relief, and nominal compensatory damages. (ECF No. 1). The AHA is a nonprofit organization that "advocates progressive values and equality for humanists, atheists, and freethinkers." (*Id.* ¶ 5). According to the complaint, "AHA's legal center is dedicated to advancing and preserving the constitutional mandate of separation of church and state, the constitutional protections found in the Bill of Rights, and, in particular, the First Amendment to the United States Constitution." (*Id.*). Plaintiffs Steven Lowe and Fred Edwords are members of AHA and residents of Prince George's County, Maryland. Bishop McNeil does not purport to be an AHA member, but has been a resident of Beltsville, Maryland for at least eight months. (*Id.* ¶ 10).

Plaintiffs allege that Defendant violated the Establishment Clause of the First Amendment of the United States Constitution by owning, maintaining, and prominently displaying the Memorial Peace Cross in Bladensburg, Maryland ("the Peace Cross"). The Peace Cross is a war memorial dedicated to World War I veterans. (*Id.* ¶ 26). The complaint asserts that the construction of the Peace Cross traces back to 1918, and that Defendant now owns the Peace Cross and the property on which it stands. (*Id.* ¶ 44).

According to the complaint, Plaintiff Lowe has driven by the Peace Cross since 1982 and "believes that the Bladensburg Cross associates a Christian religious symbol with the State and gives the impression that the State supports and approves of Christianity, as opposed to other religions, and that the state may even prefer Christians and Christianity over other religions." (*Id.* ¶ 7). Plaintiffs Edwords and McNeill share similar sentiments about the Peace Cross as an allegedly religious symbol displayed on public property. Plaintiffs assert that Defendant violated the First Amendment because the "ownership, maintenance and prominent display on public property of the Bladensburg Cross amounts to the endorsement and advancement of religion (and, specifically, an endorsement of and affiliation with Christianity)." (*Id.* ¶ 55).

Defendant answered the complaint. (ECF No. 12). On April 25, 2014, eleven prospective amici curiae moved for leave to appear jointly as amicus curiae in support of Defendant and to file an amicus curiae memorandum. (ECF No. 11). Plaintiffs opposed the motion (ECF No. 39), and the prospective amici curiae replied (ECF No. 40). On May 1, 2014, The American Legion, The American Legion Department of Maryland, and The American Legion Colmar Manor Post 131 moved to intervene as defendants in this case. (ECF No. 14). Plaintiffs also opposed

this motion (ECF No. 34), and prospective intervenors replied (ECF No. 45).

## II. Analysis

### A. Amicus Curiae Motion

The following eleven individuals seek to participate as amici curiae in this case: Richard Douglas; Kevin Young; Lori Young; Harry Pitt; Cheryl Pitt; John Dollymore; Christy Dollymore; Ellen J. McNulty; Lynn Cook; Lawrence Wenzel; and Claude E. Petrone (collectively, "the Prospective Amici").[1]   The Prospective Amici contend that they are "citizens and residents of Prince George's County unified by dismay and urgent concern over the Plaintiffs' desire to dismantle the Bladensburg World War One Peace Cross."  (ECF No. 11, at 1).   The Prospective Amici explain that as Maryland residents, they are directly affected by the declaratory and injunctive relief sought here. They further submit that they "wish to be heard by the Court in order to invite the Court's attention to important facts which the Plaintiffs have mischaracterized or even omitted from their [c]omplaint."  (*Id.* at 2).   The Prospective Amici include a proposed brief in support of Defendant's position in which they provide additional history regarding the establishment of the Bladensburg Cross and cite to jurisprudence from the United

---

[1] The Prospective Amici are represented by Richard Douglas, one of the proposed amicus curiae.

States Supreme Court, which they believe sheds light on the proper analysis of First Amendment claims akin to Plaintiffs' claim. (*See* ECF No. 11-2).   They indicate that they do not seek to participate in discovery or oral argument in this case; they seek only to file memoranda in support of Defendant. (ECF No. 11, at 1).

There is no Federal Rule of Civil Procedure that applies to motions for leave to appear as amicus curiae in a federal district court.   District courts therefore have discretion whether to grant or deny such leave and often look for guidance to Rule 29 of the Federal Rules of Appellate Procedure, which applies to amicus briefs at the federal appeals level.   *See, e.g., Jin v. Ministry of State Sec.*, 557 F.Supp.2d 131, 136 (D.D.C. 2008); *Tafas v. Dudas*, 511 F.Supp.2d 652, 660 (E.D.Va. 2007); *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F.Supp.2d 720, 728 (D.Md. 1996); *Washington Gas Light Co. v. Prince George's County Council*, Civ. Action No. DKC 08-0967, 2012 WL 832756, at *3 (D.Md. Mar. 9, 2012).   Rule 29 indicates that amici should state "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case."   Fed.R.App.P. 29(b)(2).   As noted by Judge Davis in *Bryant*, "[t]he aid of *amici curiae* has been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter

of the suit, or existing counsel is in need of assistance." *Bryant*, 923 F.Supp. at 728 (*citing Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D.Pa. 1995).

In their opposition, Plaintiffs state that they "do not object in principle to [the Prospective Amici] being permitted to file a brief in support [of Defendant] without participating in discovery or oral argument," but believe that the brief is premature as no motions have been filed yet by the parties. (ECF No. 39, at 1). Plaintiffs also object to the proposed memorandum because they contend that it attempts to introduce facts outside of the complaint without supporting affidavits, which would be inappropriate on a motion for summary judgment even if the brief were to be considered at the motions stage. They request that the motion be denied with leave to refile at an appropriate time and with a memorandum that complies with Fed.R.Civ.P. 56(c). The Prospective Amici counter that "[w]hether the Memorandum is filed on April 24 or six months later, the facts are unlikely to change," and that the information contained in the brief seeks to clarify context for the court and should not be held to the same standards applied to the parties in this case. (ECF No. 40, at 1-2).

The Prospective Amici have demonstrated a special interest in the outcome of the suit. They also have submitted a proposed memorandum in support of Defendant, which provides helpful

information to the court.   No motions have been filed by the parties in this case, however.   Thus, it is unclear how the memorandum aids in the resolution of this matter, as there is no decision to be made yet.   Allowing the Prospective Amici to participate as amici curiae does not appear to prejudice Plaintiffs or delay the proceedings, but a "motion for leave to file an amicus curiae brief . . . should not be granted unless the court 'deems the proffered information *timely* and useful.'" *Bryant*, 923 F.Supp. at 728 (*quoting Yip v. Pagano*, 606 F.Supp. 1566, 1568 (D.N.J. 1985)) (emphasis added).   Accordingly, the Prospective Amici will be permitted to participate as amicus curiae; the proposed memorandum will not be considered at this time, but may be refiled at a later juncture.   The Prospective Amici may seek leave to file an amicus curiae memorandum in support of Defendant if and when dispositive motions are filed.[2]

### B.   Motion to Intervene

The following entities have moved to intervene as defendants in the case: the American Legion; the American Legion Department of Maryland; and the American Legion Colman Manor Post 131 (collectively, "the Putative Intervenors").   (ECF Nos. 14 & 15).   As the Putative Intervenors explain, the American

---

[2] The Veterans of Foreign Wars of the United States also requested to participate as amicus curiae in this case.   (ECF No. 42).   The request will be granted and The Veterans of Foreign Wars will be added as movants to the docket.

Legion is a wartime veterans service organization dedicated to promoting support for American military veterans; the American Legion Department of Maryland is responsible for the Legions's activities and membership within the state; and the American Legion Post 131 is a chapter located in Maryland that hosts patriotic events at the Bladensburg World War I Veterans Memorial throughout the year.  (ECF No. 15, at 2).

The Putative Intervenors seek to intervene as a matter of right under Fed.R.Civ.P. 24(a).  Alternatively, they seek to intervene permissively under Rule 24(b)(2).  Federal Rule of Civil Procedure 24 permits intervention in an action upon timely application.  The Rule distinguishes between intervention as of right pursuant to Rule 24(a), and permissive intervention pursuant to Rule 24(b).[3]  The permissive intervention of a third party to an action is governed by Fed.R.Civ.P. 24(b), which provides that:

> On timely motion, the court may permit anyone to intervene who: . . . (b) has a claim or defense that shares with the main action a common question of law or fact.

---

[3] Because the motion will be granted pursuant to Rule 24(b), the merits of the Putative Intervenors' arguments regarding intervention as of right need not be considered.

Fed.R.Civ.P. 24(b)(1)(B).[4]   The decision to grant or deny a motion to intervene pursuant to Rule 24(b) "lies within the sound discretion of the trial court" although "some standards have been developed to guide the courts in making intervention determinations." *See Hill v. W. Elec. Co.,* 672 F.2d 381, 386 (4th Cir. 1982).   A court, in exercising its discretion, "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3).   The Fourth Circuit has indicated that an important factor to consider for permissive intervention is whether the original parties will be prejudiced. *See W. Elec. Co. Inc.*, 672 F.2d at 386.

The Putative Intervenors argue that "both the Legion and the Commission will advance the position that the Commission's ownership, maintenance, and public display of this veteran's memorial is constitutional." (ECF No. 15, at 11).   Putative Intervenors assert that their timely motion will not delay the proceedings or prejudice any party.   They point out that Defendant even raised as an affirmative defense in its answer that Plaintiffs have failed to join the American Legion as a required party. (*See* ECF No. 12, at 6).   Putative Intervenors contend that they "have substantial experience with litigating

---

[4] Here, there is no dispute that the Putative Intervenors' motion is timely.   They moved to intervene shortly after Defendant answered the complaint and prior to any discovery.

the constitutionality of cross-shaped veterans' memorials, experience the Legion believes would help sharpen the arguments over that central issue." (ECF No. 15, at 11). Plaintiffs counter that permissive intervention should not be granted because Defendant – as an agent of the government – will adequately represent the Putative Intervenors' interests. (ECF No. 34, at 17).

The motion to intervene will be granted. The Putative Intervenors allege a strong interest in the subject matter of this litigation, although this showing is not necessary under Rule 24(b).[5] *See North Carolina Growers' Ass'n, Inc. v. Solis*, No. 1:09CV411, 2009 WL 4729113, at *1 (M.D.N.C. Dec. 3, 2009). Although the analysis for intervention *as of right* requires putative intervenors to establish that their interest is inadequately represented by existing parties, the Putative

---

[5] American Legion Post 3 was authorized to complete the Peace Cross when the Committee of the Town of Bladensburg did not have funds to complete it. (ECF No. 15-8, at 2). Post 3 then erected the Memorial that includes the Peace Cross. American Legion Post 3 conveyed all its property interests in the Memorial to Defendant in 1961, but stated that it "wishe[d] to reserve its right to hold memorial and other ceremonies on the property, and requested that if the Cross and the surrounding parcel is ever removed from [Defendant's] jurisdiction [], that the Legion post be notified sufficiently in advance to arrange for the future care and maintenance of the Cross and the surrounding parcel." (ECF No. 15-2, at 2). The Putative Intervenors state that "American Legion Post 3 played a key role in erecting the Memorial, [], but it dissolved in 1991 . . . with approximately half of its membership going to nearby American Legion Post 131[,]" one of the putative intervenors here. (ECF No. 15, at 3).

Intervenors are not required to make this showing for permissive intervention.   Moreover, Putative Intervenors share a common defense with Defendant regarding the constitutionality of the Peace Cross.   *See Hewett v. City of King*, No. 1:12CV1179, Amended Order, at 7 (M.D.N.C. May 1, 2014) ("American Legion, the Movant here, has established that its defense that the Soldier Statue does not promote religion shares common questions of law and fact with [d]efendant City.   Both American Legion and the City seek to uphold the constitutionality of the Soldier Statue.").   Putative Intervenors also share common questions of fact with Defendant regarding the history of the Peace Cross. The court finds persuasive their arguments that "[a]s the party that funded and built the Memorial and owned it for its first four decades, the Legion is the entity best suited to supply the Court with evidence of the Memorial's history and context – facts critical to the disposition of this case." (ECF No. 45, at 9-10).   "[L]iberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986).

Although Plaintiffs argue that the addition of the Putative Intervenors as parties to the litigation would prejudice them and delay the proceedings, they do not explain how the proceedings would be delayed. (ECF No. 34, at 17).   As stated

above, the case is in the early stages and discovery has not yet commenced. *Cf. Alta v. United States E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014) ("[W]e observe that when CBF moved to intervene, the proceedings below had already reached a relatively advanced stage. Seven other parties had long since requested and received permission from the district court to intervene. Several months of settlement negotiations had transpired. The EPA's motion to dismiss Alt's case had been fully briefed, argued, and denied."). Nor have Plaintiffs delineated how they will be prejudiced by the addition of three new Defendants or what extra effort they would have to expend in litigating this case. *See Hewett*, No. 1:12CV1179, Amended Order, at 7 ("American Legion has participated in the case since the Order of this Court in May, and no delay or prejudice has occurred.").

Plaintiffs argue that even if the Putative Intervenors are permitted to intervene as defendants, their participation should be limited in three ways. First, Plaintiffs argue that the Putative Intervenors "should be limited to the single issue of the constitutionality of the cross." (ECF No. 34, at 18). Second, Plaintiffs assert that Putative Intervenors' right to discovery should be limited. (*Id.* at 19). Third, Plaintiffs believe that the Putative Intervenors should be prohibited from blocking or significantly delaying any settlement between the original parties. (*Id.*). The court has discretion to limit

12

Putative Intervenors' involvement under Rule 24(b), but declines to do so here.   From their briefings, it appears that the role of the Putative Intervenors in the litigation already will be limited to the issues named above simply by the scope of the complaint – namely, the constitutionality of the Peace Cross. Moreover, considering their prior involvement with the establishment of the Peace Cross and its history, the participation of Putative Intervenors in discovery may aid in the resolution of this matter.   Finally, the arguments that their participation will thwart settlement discussions are unfounded at this juncture.

Because the Putative Intervenors have a defense that shares common factual and legal questions with the main action, and it does not appear that their intervention will unduly delay or prejudice the adjudication of the original parties' rights, the Putative Intervenors will be permitted to intervene permissively as defendants in this action.

### III. Conclusion

For the foregoing reasons, the motion to appear jointly as amicus curiae and for leave to file an amicus curiae memorandum will be granted in part.   The motion to intervene will be granted.   A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

13