IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| AMERICAN HUMANIST ASSOCIATION, et al. | : : | |
| v. | : | Civil Action No. DKC 14-0550 |
| MARYLAND-NATIONAL CAPITAL PARK AND PLANNING COMMISSION | : : : : | |

**MEMORANDUM OPINION**

On February 25, 2014, the American Humanist Association ("AHA"), Steven Lowe, Fred Edwords, and Bishop McNeill (collectively, "Plaintiffs") filed a complaint against the Maryland-National Capital Park and Planning Commission ("the Commission" or "Defendant") seeking a declaratory judgment, injunctive relief, and nominal compensatory damages. (ECF No. 1). The facts alleged in the complaint are set forth in a prior memorandum opinion. *See American Humanist Ass'n v. Maryland-National Capital Park and Planning Com'n*, 303 F.R.D. 266 (D.Md. 2014). In short, Plaintiffs allege that Defendant violated the Establishment Clause of the First Amendment to the United States Constitution by owning, maintaining, and prominently displaying the Memorial Peace Cross in Bladensburg, Maryland ("the Peace Cross").

On April 25, 2014, eleven prospective amici curiae moved for leave to appear jointly as amicus curiae in support of Defendant and to file an amicus curiae memorandum. (ECF No. 11). The following individuals and group sought to participate as amicus curiae in the case: Richard Douglas; Kevin Young; Lori Young; Harry Pitt; Cheryl Pitt; John Dollymore; Christy Dollymore; Ellen J. McNulty; Lynn Cook; Lawrence Wenzel; Claude E. Petrone; and the Veterans of Foreign Wars of the United States. By memorandum opinion and order issued on September 18, 2014, the undersigned granted in part the motion to appear jointly as amicus curiae and for leave to file an amicus curiae memorandum was granted in part. (ECF Nos. 46 & 47). The proposed amici curiae were permitted to participate as amicus curiae. Because no dispositive motions had been filed yet, the court noted that the proposed memorandum submitted by the amici curiae would not be considered, but permitted amici to seek leave to file an amicus curiae memorandum in support of Defendant if and when dispositive motions are filed.

On February 8, 2015, Plaintiffs served a deposition subpoena on Richard Douglas, one of the amicus curiae who also is counsel to the amici curiae. The subpoena, dated February 5, 2015, requires Mr. Douglas to appear to testify at a deposition on March 2, 2015, and also to produce certain documents at his deposition. (*See* ECF No. 61, at 5-9). On February 17, 2015,

2

Richard Douglas filed a motion for a protective order on behalf of the amici curiae, requesting that the court quash the subpoena to testify and for documents.  (ECF No. 61).  Plaintiffs opposed the motion (ECF No. 62), and Mr. Douglas replied (ECF No. 63).

In his motion, Mr. Douglas states that amici should not be forced to provide discovery here.  (ECF No. 61 ¶ 3).  He states that "enforcement of a subpoena against [amici] in this case could discourage *amici* from stepping forward in the future, and chill a function which can be of tremendous value to the federal courts."  (*Id.* ¶ 4).  He further contends that Plaintiffs have demanded trial preparation materials blocked from disclosure by Fed.R.Civ.P. 26(b)(3)(A).  Finally, Mr. Douglas represents that "[a]mici have little to add beyond the four corners of their submissions to the Court, which, in accordance with the Court's order, Amici intend to revise after final briefing in this proceeding."  (*Id.* ¶ 6).

"Federal Rule of Civil Procedure 45 establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit."  *United States v. Star Scientific, Inc.*, 205 F.Supp.2d 482, 484 (D.Md. 2002).  Consistent with Rule 26, Rule 45 subpoenas may be used to discover "any nonprivileged matter that is relevant to any party's claim or defense."  *Boykin Anchor Co. Inc. v. Wong*, No.

5:10-CV-591-FL, 2012 WL 27328, at *2 (E.D.N.C. Jan. 4, 2012). A non-party may object to a subpoena by: "fil[ing] a motion to quash or modify the subpoena pursuant to Fed.R.Civ.P. 45[d](3)(A), [or] seek[ing] a protective order pursuant to Fed.R.Civ.P. 26 (c)." *Star Scientific, Inc.*, 205 F.Supp.2d at 484.

Plaintiffs state that they identified Mr. Douglas "as a potential witness in this matter" and are "entitled to explore the scope of [Mr.] Douglas's involvement with the [Maryland-National Capital Park and Planning Commission] and his communications with the Commission and others concerning this matter." (ECF No. 62 ¶ 2). Plaintiffs attach as exhibits to their opposition to the motion for a protective order emails from Mr. Douglas to defense counsel regarding his intent to file a motion for leave to file an amicus memorandum. (*See* ECF No. 62-1). In addition to requiring Mr. Douglas to testify at a deposition on March 2, 2015, the subpoena instructs him to produce the following information: (1) documents reflecting communication with Defendant, the Veterans of Foreign Wars of the United States, the American Legion, or the American Legion Post 131 of Colman Manor; (2) documents relating to retainer agreements or non-privileged communication with the other amici; (3) documents that refers to the Bladensburg Cross, Plaintiffs, atheism, or humanism; and (4) all documents that support the

4

factual assertions in the motion for leave to file an amicus brief. (ECF No. 61, at 8).

It is wholly unclear why live questioning of Mr. Douglas about his communications with Defendant is necessary or relevant to this First Amendment case concerning the Peace Cross. The fact that Mr. Douglas communicated with defense counsel regarding his intended participation in this case as amicus curiae has little, if any, bearing to *the parties'* claims or defenses in this action. Plaintiffs also do not explain how any of the documents identified above that they seek from Mr. Douglas relate to the parties' claims or defenses. Based on the foregoing, the motion for protective order will be granted and the deposition subpoena issued to Richard Douglas will be quashed.[1]

                                                                         /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge

---

[1] Plaintiffs' request that Mr. Douglas compensate them for having to oppose the motion for a protective order will be denied.

5